FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 4 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                              )
            Plaintiff,        )   CIVIL ACTION NO.
                              )   4:15CV597-SWW
                              )
v.                            )
                              )
                              )   JURY TRIAL DEMAND
WINDSTREAM COMMUNICATIONS.    )
                              )
            Defendant.        )   This case assigned to District Judge Wright
                                  and to Magistrate Judge Kearney

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Stephanie Johnson who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Windstream Communications failed to provide a reasonable accommodation to Stephanie Johnson and constructively discharged her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Windstream Communications. (Defendant Employer), has continuously been a foreign corporation doing business in the State of Arkansas and the City of Little Rock and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS OF STEPHANIE JOHNSON

7.     More than thirty days prior to the institution of this lawsuit, Stephanie Johnson (Johnson) filed a charge with the Commission alleging violations of Title I of the ADA and the ADAAA by Defendant Employer.

8.     On July 30, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Defendant Employer violated the ADA and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.    The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.    On September 3, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

13.    Since at least March of 2014,, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b)(1), 42 U.S.C. §§12112(a), and 12112(b)(5)(A) at its Little Rock, Arkansas location.

14.    These unlawful practices include, but are not limited to, Defendant

Employer's failure to provide a reasonable accommodation to Johnson and constructively discharging her because of her disability.

    a.    Defendant Employer is a provider of data network communications and services to businesses nationwide with its corporate headquarters in Little, Rock, Arkansas.

    b.    In May of 2013, Defendant Employer hired Johnson as an Associate Network Analyst at its Little Rock, Arkansas location.

    c.    As an Analyst, Johnson provided operational support within Defendant Employer itself as well as to Defendant Employer's broadband customers.

    d.    As a trainee Johnson began her employment on Defendant Employer's first shift from 7:00 a.m. to 3:30 p.m.

    e.    Defendant Employer's second shift is from 3:00 p.m. to 11:30 p.m. and its third shift is from 11:00 p.m. to 7:30 a.m.

    f.    Employees bid on one of the three shifts approximately once a quarter, and Defendant Employer uses a ranking system to determine the order of bidding. Higher ranking employees bid first and generally choose a position on the first shift.

    g.    While Defendant Employer implemented is current ranking/bidding system on or about June 13, 2012, it is a non-union facility and there is no collective bargaining agreement.

    h.    Following her training period and because of her lower ranking, Johnson was "bumped" to the second shift. Johnson did not experience any problems working the second shift.

    i.    During the next quarter bidding process, Johnson was "bumped" to the third shift and began experiencing significant problems with her diabetes in that she

could not regulate her blood sugars.

j.  Johnson informed her supervisor of her diabetes in March of 2014 and reported that she was having problems with her sugar levels due to working on the third shift.

k.  Johnson presented Defendant Employer with a letter from her doctor in May of 2014. The doctor's note advised Defendant Employer that working on the third shift affected Johnson's sleep, which in turn affected Johnson's ability to control her sugar levels. Johnson's doctor requested a shift change as an accommodation for Johnson.

l.  While Johnson was aware at hire that she was subject to working on any shift, she had no idea that working the third shift would adversely affect her diabetes.

m.  On or about May 20, 2014, Defendant Employer notified Johnson that her request to move to another shift was denied, citing no open positions.

n.  On or about June 9, 2014, Johnson fell asleep during her shift, and on or about June 13, 2014, Defendant Employer issued Johnson a disciplinary action for sleeping on the job. Johnson reminded Defendant Employer of her request to change shifts due to the adverse effect working on third shift had on her disability.

o.  Defendant Employer again refused to move Johnson to another shift as an accommodation, so Johnson submitted her two week notice on or about June 14, 2014.

p.  Johnson's last day of employment was on or about June 28, 2014, with the next scheduled bid shift to occur on July 1, 2014.

q.  All positions with Defendant Employer are subject to the bidding process, and Defendant Employer's offer to Johnson to permit her bid on another position was not a reasonable accommodation since all positions are subject to the bidding process.

5

Likewise, Defendant Employer's offer of a leave of absence with no discussions of a resolution to Johnson's inability to work the third shift was not reasonable.

r.  Johnson's disability interferes with her endocrine system, and Johnson is substantially limited in her endocrine functions, her ability to think, to concentrate, to walk, and to sleep.

s.  Johnson is a qualified individual with a disability under the ADA and ADAAA who can perform the essential functions of the Analyst position with a reasonable accommodation.

t.  Defendant Employer failed to reasonably accommodate Johnson when it failed to consider moving her to an alternate shift.

15.  The effect of the practices complained of in paragraphs 13 through 14 above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

16.  The unlawful employment practices complained of above were intentional.

17.  The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Johnson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to accommodate employees with disabilities.

B.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from constructively discharging an employee because of her

6

disability and/or need for a reasonable accommodation.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Johnson and other qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant Employer to make whole Johnson by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

F. Order Defendant Employer to make whole Johnson by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above paragraphs in amounts to be proven at trial.

G. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above paragraphs in an amount to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Gerald Thornton by PBD*
**GERALD THORNTON**
Supervisory Trial Attorney
TN Bar No. 015898

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Ste. 901
Memphis, TN  38104
Telephone:  (901) 544-0075

*Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone:  (501) 324-5065
pamela.dixon@eeoc.gov